## BURCHAM *v.* ROBINSON.

### [74 South. 417, Division B.]

1. HIGHWAYS. *Automobile accidents.  Jury case.*

   In a suit by a passenger in a buggy drawn by a mule against the driver of an automobile for injury on the highway, the court held that under the conflicting evidence in this case the question of whether the automobile was being driven at a reckless rate of speed or whether the driver could have, by stopping or turning to the right, avoided the injury, should have been left to the determination of the jury under proper instructions from the court.

2. HIGHWAYS. *Duty of automobile drivers.*

   Without any statute on the subject, it was the duty of the driver of an automobile which by its speed and noise was likely to frighten the ordinary country horse or mule, to observe the frightened attitude of an approaching team, and if necessary, to check or slacken his speed, and otherwise to take reasonable precautions to prevent the team from getting beyond control of its driver.

Appeal from the circuit court of Tishomingo county. Hon. Claude Clayton, Judge.

Suit by Mamie Burcham, by next friend, against James R. Robinson. From a judgment for defendant, plaintiff appeals.

The suit is for injuries sustained by plaintiff because of the alleged negligence of the driver of defendant's automobile in frightening the team hitched to the buggy in which plaintiff was riding on the highway so that the buggy was overturned and plaintiff thrown therefrom and injured. There was a peremptory instruction for the defendant.

*Jas. A. Cunningham,* for appellant.

This record is too short, the testimony of appellant too clear, and the questions of law involved too primary, to require any extensive remarks or citation of authorities in a brief from us. Practically all the evidence offered by appellant and some of the evidence offered by appellee shows that the automobile had ample room to obey the law by turning to the right. Some of the witnesses testified that he had a space of twenty feet to the right of the team over which he might have passed without inconvenience.

He discovered this team in a stampede while at a considerable distance from them, or, by the exercise of ordinary care to the traveling public, would have recognized their position of danger, but the record shows that he was coming at such a head way, and continued at such until so close to the frightened team that his break failed to stop an ordinary Ford car until it had passed some distance beyond the team.

This driver, by the exercise of ordinary care, would have done one of two things required of him out of a common consideration of the situation, viz., he would have turned to the right or would have stopped his

car altogether and have rendered some assistance to the woman and children in their situation.

But this record shows that he did not slacken his speed until right on the team, never did turn to the right, and in fact failed to pay any consideration whatever to the predicament of his neighbors in a place of so great danger caused by his own negligence on the public highway.

The appellant has the right to submit its theory of this cause to a jury, and the law of liability applicable to the facts as shown by the evidence adduced by appellant will not, we are sure, be questioned for a moment by this court.

To hold that the facts and the law of this case do not entitle the cause to go to a jury is so absolutely absurd that we deem it inadvisable to cite a single authority to support our view.

*W. L. Elledge,* for appellee.

The uncontradicted testimony of this record shows that appellee violated no law of the road, section 4412, Code 1906, or duty to appellant and hence was not responsible in law for her alleged injury.

STEVENS, J., delivered the opinion of the court.

Counsel for appellant challenges the correctness of the court's ruling in granting the peremptory instruction in favor of the defendant, appellee here, after the testimony for both parties had been introduced and the cause was ready to submit to the jury. Counsel in oral argument earnestly contend that appellee's driver approached and passed the team and buggy in which appellant was sitting at a reckless and high rate of speed; that he kept in the middle of the road, and that the automobile, in whizzing by, frightened the mules of appellant's father, caused the buggy to be overturned, and the inmates of the vehicle to be dumped into a gutter by the roadside.

Counsel contend further that the plaintiff's proof showed that the driver of the car "violated all the law of the highway or the byway;" that the car was running so fast that even after the brakes had been put on the car "skidded up hill."

Without intimating any opinion as to the weight of the testimony, it is sufficient to say that the testimony was very conflicting, and the cause, in our judgment, should have been submitted to the jury. The testimony on behalf of the plaintiff tended to prove that the driver, in approaching, saw, or at least had ample opportunity to discover, that the mules were frightened and that he did nothing to slacken his speed, to turn to the right, or to prevent the injury complained of. Without expressly holding that under the facts the driver in this case should have turned further to the right, we think the testimony was sufficient to warrant a finding by the jury that the driver by his speed and manner of passing appellant's team frightened the mules and took no precautions to relieve appellant and the other inmates of the buggy from their peril, but, on the contrary, negligently and wrongfully continued his speed and course and caused the mules to dash out of the road into a ditch. It is true that this injury occurred before the enactment of the state traffic law of 1916 (chapter 116) regulating the speed of motor vehicles and declaring the law of the road in reference thereto.

But, without any statute on the subject, we conceive it the duty of the driver of an automobile, which, by its speed and noise, is likely to frighten the ordinary country horse or mule, to observe the frightened attitude of an approaching team, and, if necessary, to check or slacken his speed, and otherwise to take reasonable precautions to prevent the team from getting beyond the control of its driver. According to the testimony of the plaintiff, no precautions whatever were taken in this case to prevent or stop this pair of unruly country mules from becoming further frightened and causing the

unfortunate wreck in question. It is not unreasonable, we think, to hold the owners of motor vehicles to a strict account in cases of this kind. Certain it is that under the conflicting testimony the question of whether appellee's car was being driven at a reckless rate of speed or whether the driver could have, by stopping or turning to the right, avoided the injury, should have been left to the determination of the jury under proper instructions from the court.

*Reversed and remanded.*